UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VANCE GERALD MAXEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00320-TWP-MG ) |
| BRENT POTTER, DOYLE & FOUTTY, U S BANK N A, GARY L. MILLER, THERESE A. HANNAH, STATE OF INDIANA, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court for screening of Plaintiff's complaint. On February 21, 2024, *pro se* Plaintiff Vance Gerald Maxey ("Plaintiff") initiated this civil action by filing a pleading titled "5.5 Million Dollar Civil Lawsuit '42 USC 1983 Deprivation of Rights' Wrongful Foreclosure, Breach of Contract and Breach of Trust" (the "Complaint") (Dkt. 1). That same date, Plaintiff paid the filing fee for bringing the action. The matter is now before the Court for screening.

**A.    Screening**

Although Plaintiff has paid the filing fee, "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such

relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

B.     **Plaintiff's Complaint**

Plaintiff asserts several state and federal claims against Defendants S. Brent Potter ("Attorney Potter"), Doyle & Foutty, U S Bank N A ("US Bank"), the State of Indiana, the Honorable Gary L. Miller ("Judge Miller"), and the Honorable Therese A. Hannah ("Magistrate Judge Hannah") (collectively, "Defendants"). In particular, she asserts claims for wrongful foreclosure, violation of the Fair Debt Collection Practices Act, violation of the Truth in Lending Act, breach of contract, violation of "Federal Trust and Lien Laws," slander of title, slander of credit, and intentional infliction of emotional distress (Dkt. 1 at 21). Plaintiff seeks a variety of damages.

At base, the Complaint challenges the orders and judgment in a state court foreclosure action—*U.S. Bank National Association v. Vance G Maxey et al.*, Case No. 49D03-1712-MF-046059 (Marion Sup. Ct. 3) (the "Foreclosure Case") (Dkt. 1 at 1)—and a related state court eviction action—*Sifti Inc./ Randeep Singh v. Maxey Vance G. and all others*, Case No. 49K05-

2402-EV-000267 (Pike Twp. Small Claims) (the "Eviction Case") (together, the "State Court Cases"). Plaintiff seeks to have the orders and judgments in the State Court Cases set aside, and for damages arising from the allegedly improper state court actions.

According to the state court docket, US Bank, represented by Attorney Potter of the law firm Doyle & Foutty, initiated the Foreclosure Case,[1] over which Judge Gary Miller and Magistrate Judge Therese Hannah presided. On January 31, 2019, Judge Miller entered summary judgment in favor of US Bank and issued a Decree of Foreclosure.[2] Plaintiff vigorously sought post-judgment relief. Plaintiff filed, among other documents, a Motion to Set Aside Judgment, a Motion for Declaratory Judgment, and a Motion to Dismiss.[3] Magistrate Judge Hannah denied each of Plaintiff's motions.[4] The Clerk Return on the Decree of Foreclosure indicates that on January 19, 2024, non-party Sifti Inc. purchased the foreclosed property.[5] On February 2, 2024, Sifti Inc. initiated the Eviction Case, which remains pending in the state court.[6] On February 20, 2024, Plaintiff sent a letter to the court in the Eviction Case, stating that he was planning to file a civil rights action challenging the foreclosure.[7] The next day, Plaintiff initiated this federal action.

The Complaint does not allege many facts regarding the State Court Cases or foreclosure process. Instead, the Complaint is comprised mostly of incomprehensible legal arguments and conclusions. As best the Court can discern, Plaintiff alleges, in part, that certain loan documents related to the foreclosed property were altered, and/or the terms of the documents were

---

[1] Complaint, *U.S. Bank v. Maxey*, No. 49D03-1712-MF-046059 (filed Dec. 14, 2017).
[2] Entry of Summary Judgment, *U.S. Bank v. Maxey*, No. 49D03-1712-MF-046059 (filed Jan. 31, 2019).
[3] Motion to Set Aside Default Judgment (filed July 12, 2023); Counterclaim (filed July 14, 2023); Motion for Declaratory Judgment (filed Oct. 4, 2023); Motion for Dismissal (filed Jan. 18, 2024), *U.S. Bank v. Maxey*, No. 49D03-1712-MF-046059.
[4] Order Denying Defendant's Motion to Set Aside Judgment and Granting Plaintiff's Motion to Strike Counterclaim (filed Sept. 5, 2024); Order Denying Motion for Declaratory Judgment (filed Oct. 11, 2023); Order Denying Post-Judgment Relief (filed Jan. 18, 2024), *U.S. Bank v. Maxey*, No. 49D03-1712-MF-046059.
[5] Clerk Return, *U.S. Bank v. Maxey*, No. 49D03-1712-MF-046059 (filed Feb. 1, 2024).
[6] Notice of Claim for Possession of Real Estate, *Sifti Inc. v. Maxey*, No. 49K05-2402-EV-000267 (filed Feb. 2, 2024).
[7] Letter to Judge, *Sifti Inc. v. Maxey*, No. 49K05-2402-EV-000267 (filed Feb. 20, 2024).

misrepresented to Plaintiff; that US Bank has failed to show a lawful right to the foreclosed property; and Defendants used deceptive, misleading, and false representations during the foreclosure process (Dkt. 1 at 3–11).

Despite its general lack of clarity, though, the allegations in the Complaint plainly confirm that the purpose of this federal action is to challenge the validity of the orders and judgments in the Foreclosure Case and the Eviction Case:

> The Plaintiff seeks relief for these violations, including statutory damages, actual damages, and legal fees, as provided for under the FDCPA, and requests the Court to declare the foreclosure proceedings initiated by the Defendant as null and void, in acknowledgement of the Defendant's unlawful and unethical debt collection practices. [Dkt. 1 at 8.] . . . .
>
> These allegations, the Plaintiff avers, fundamentally undermine the validity of the foreclosure action, thereby rendering it void, along with any related eviction orders, specifically referencing case number 49D05-2402-EV-00267. [*Id.* at 10.] . . . .
>
> In light of these considerations, the Plaintiff seeks judicial intervention to restrain the ongoing eviction proceedings, pending a comprehensive resolution of the title dispute, which must precede any lawful eviction actions. [*Id.*] . . . .
>
> The lack of authority to execute the foreclosure and the other claims mentioned herein are the basis for this wrongful foreclosure lawsuit. [*Id.]* . . . .
>
> The exhibit marked "A" will show the document used to execute the acceleration clause was signed by a party that did not have standing to initiate the foreclosure and therefore the foreclosure is void. [*Id.* at 12.] . . . .
>
> The Plaintiff further contends the foreclosure is invalidated by non-disclosure and improper handling of the promissory note and mortgage . . . . [*Id.* at 13.] . . . .
>
> The Attorney who signed the "Notice of Default" document to execute the acceleration clause did not have standing, and therefore notice of default has a fatal flaw, and the foreclosure judgment must be vacated and this claim granted for the full amount demanded. [*Id.* at 16.] . . . .
>
> Plaintiff demands the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities. [*Id.* at 18.] . . . .
>
> The Plaintiff respectfully requests that the Court . . . issue . . . . [a]n order vacating the foreclosure sale conducted on January 19, 2024, attributing its invalidity to the abusive and improper conduct of the attorney and presiding judge/magistrate, as

detailed within this complaint, and awarding appropriate damages for such misconduct. [*Id.* at 22.]

C.   **Dismissal of Plaintiff's Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.

5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Plaintiff's claims because they are barred by the *Rooker-Feldman* doctrine. The claims against Judges Miller and Hannah are further barred by the doctrine of judicial immunity.

The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

Here, Plaintiff plainly seeks review of the orders issued by the state court in the Foreclosure Case and Eviction Case. This Court accordingly lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. Plaintiff's proper course of action to challenge the state court orders would be to appeal those orders to the Indiana Court of Appeals at the appropriate time.

Further, the judges of the Marion Superior Court have judicial immunity, and this Court would not have jurisdiction to adjudicate claims against them. Judges are entitled to absolute immunity where, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843

F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Plaintiff's claims against Judges Miller and Hannah are therefore barred.

For the above reasons, the Court lacks jurisdiction over Plaintiff's claims, and this action is subject to dismissal for the reasons set forth above.

**D.      Opportunity to Show Cause**

Plaintiff shall have through **Friday, March 29, 2024**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Plaintiff elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## **CONCLUSION**

Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Plaintiff is granted leave to file an amended complaint by no later than **Friday, March 29, 2024**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date:   2/28/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

VANCE GERALD MAXEY
5115 Shadow Pointe Dr.
Indianapolis, IN 46254