## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| VANCE GERALD MAXEY, | ) |
|                Plaintiff, | ) |
|     v. | ) No. 1:24-cv-00320-TWP-MG |
| BRENT POTTER,<br>DOYLE & FOUTTY,<br>U S BANK N A,<br>GARY L. MILLER,<br>THERESE A. HANNAH,<br>STATE OF INDIANA, | ) |
|              Defendants. | ) |

## ENTRY DISMISSING ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT

In the Entry of February 28, 2024, the Court screened *pro se* Plaintiff Vance Gerald Maxey's ("Mr. Maxey") Complaint and explained that it is subject to dismissal for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B) because of a failure to state a claim upon which relief may be granted (Dkt. 4). Specifically, the Court explained that the claims in the initial Complaint were all barred by the *Rooker-Feldman* doctrine. The Court gave Mr. Maxey an opportunity to amend his Complaint no later than March 29, 2024, and show cause why this case should not be dismissed because of a lack of subject-matter jurisdiction.

On March 29, 2024, Mr. Maxey filed an Amended Complaint and supporting document (Dkt. 11; Dkt. 12). The Amended Complaint is well researched, well written, and well organized, and the Court appreciates the effort Mr. Maxey put into his amended pleading. However, the Amended Complaint does not address or cure the problems of the initial Complaint and continues to fail to state a claim upon which relief may be granted. In the Amended Complaint, Mr. Maxey continues to complain of alleged deficiencies and misconduct related to underlying state court

cases, and he continues to request that the Court set aside the judgments rendered in those state court cases (Dkt. 11 at 7). As the Court explained in its February 28, 2024 Entry, the *Rooker-Feldman* doctrine precludes lower federal courts, including this Court, from exercising jurisdiction over claims seeking the review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, <u>no matter how erroneous or unconstitutional the state court judgment may be</u>, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (emphasis added). Mr. Maxey's Amended Complaint continues to assert claims barred by the *Rooker-Feldman* doctrine. This action therefore must be dismissed for lack of subject-matter jurisdiction.

The Court gave notice to the Plaintiff regarding the jurisdictional deficiencies of his initial Complaint and provided him with an opportunity to respond. *See Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014). Because the Plaintiff has failed to cure the deficiencies of his initial Complaint, for the reasons discussed in the screening Entry, this action is **dismissed for lack of jurisdiction**. *See* 28 U.S.C. § 1915(e)(2)(B). Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED**.

Date: 4/4/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

VANCE GERALD MAXEY
5115 Shadow Pointe Dr.
Indianapolis, IN 46254

Kurt V. Laker
Doyle & Foutty, P.C.
klaker@doylefoutty.com