UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VANCE GERALD MAXEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-00320-TWP-MG ) |
| BRENT POTTER, DOYLE & FOUTTY, U S BANK N A, GARY L. MILLER, THERESE A. HANNAH, STATE OF INDIANA, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on *pro se* Plaintiff Vance Gerald Maxey's ("Maxey") Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure Rule 60(b) (Dkt. 15). Maxey requests that the Court reconsider its Final Judgment dismissing this action (Dkt. 14). For the reasons explained below, the Motion is **denied**.

### I.   BACKGROUND

On February 21, 2024, Maxey initiated this federal action alleging a variety of state and federal claims against several defendants and challenging the orders and judgments issued in a state court foreclosure action and related state court eviction action (the "State Court Actions").[1] The Court screened the Complaint and concluded that Maxey's claims are barred by the *Rooker-Feldman* doctrine, as the relief sought was a review of the orders issued in the State Court Actions. *Id.* The Court granted Maxey an opportunity to file an amended complaint (Dkt. 4).

---

[1] *U.S. Bank National Association v. Vance G Maxey et al.*, Case No. 49D03-1712-MF046059 (Marion Sup. Ct. 3); *Sifti Inc./Randeep Singh v. Maxey Vance G. and all others*, Case No. 49K05-2402-EV-000267 (Pike Twp. Small Claims).

Maxey then moved to stay the State Court Actions (Dkt. 6), which this Court denied pursuant to the Anti-Injunction Act (Dkt. 10 at 1–2).  Maxey also filed a Motion for Demurrer, which appeared to seek dismissal of a complaint in one of the State Court Actions (Dkt. 9).  The Court denied the Motion for Demurrer because it had no jurisdiction to grant the relief requested (Dkt. 10 at 4).  Defendants S. Brent Potter and Doyle & Foutty, P.C., also moved to dismiss the Complaint (Dkt. 7), even though the Complaint had not passed screening and Defendants had not yet been served.  The Court denied the Motion to Dismiss as premature (Dkt. 10 at 3).

Maxey filed an Amended Complaint on March 29, 2024 (Dkt. 11).  The Court found that the claims in the Amended Complaint were still barred by the *Rooker-Feldman* doctrine and entered final judgment dismissing this action without prejudice (Dkt. 13; Dkt. 14).  Maxey then filed the instant Motion for Reconsideration (Dkt. 15).

## II.     LEGAL STANDARD

Courts grant relief under Rule 60(b) only in exceptional circumstances.  *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016).  The Rule provides that the district court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of the judgment; (5) satisfaction of the judgment; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990).  Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments

and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

## III.   DISCUSSION

Maxey seeks relief under Rule 60(b)(4), allowing relief from a final judgment if the "judgment is void." Fed. R. Civ. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law." *O'Rourke Bros. Inc. v. Nesbutt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000). Maxey does not contend that this Court's Final Judgment was inconsistent with due process, or that this Court lacked jurisdiction. To the contrary, the Court dismissed Maxey's action *because* it does not have jurisdiction under the *Rooker-Feldman* doctrine (Dkt. 4; Dkt. 13).

Instead, Maxey generally argues that the Court should reconsider its Final Judgment because his case presents a "clear controversy" (Dkt. 15 at 2). Specifically, Maxey argues, as he did in his pleadings, that the orders and judgments issued in the State Court Actions were issued without jurisdiction, were procured through fraud, and violate several federal statutes and Maxey's

3

due process rights (Dkt. 15 at 2–3). But regardless of the strength of the merits of Maxey's claims, his claims are barred by the *Rooker-Feldman* doctrine, and the Court lacks subject matter jurisdiction.

Maxey argues that his claims fall into a fraud exception to the *Rooker-Feldman* doctrine, citing *Powell v. American Bank & Trust Co.*, a 1986 decision from the Northern District of Indiana. 640 F. Supp. 1568 (N.D. Ind. 1986); (Dkt. 15 at 3). In *Powell*, the plaintiff alleged that underlying state court judgments were procured through fraud. The *Powell* court declined to hold that the plaintiff's claims were precluded, stating that claim preclusion "was not created to protect such fraud upon the courts." *Id.* at 1574.

The *Powell* court's decision was based on a laudable sentiment. However, *Powell* is not binding on this Court. This Court is bound by the decisions of the Seventh Circuit Court of Appeals, which has expressly declined to recognize a fraud exception to the *Rooker-Feldman* doctrine. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 605 (7th Cir. 2008) ("[W]e conclude we are still barred from evaluating claims, such as this one, where all of the allegedly improper relief was granted by state courts."); *Taylor v. Fannie Mae*, 374 F.3d 529, 534 (7th Cir. 2004) (finding that plaintiff's claims alleging fraud on the state court in a foreclosure action were barred by the *Rooker-Feldman* doctrine). As the Seventh Circuit has explained, "[t]he *Rooker-Feldman* doctrine is concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with *which federal court* is authorized to intervene." *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015) (emphasis in original). Maxey's claims are therefore barred by the *Rooker-Feldman* doctrine despite his allegations of fraud.

Because Maxey requests that the Court review the orders and judgments in the State Court Actions, his claims are barred by the *Rooker-Feldman* doctrine. The arguments in his Motion for

4

Reconsideration mirror the allegations in his initial and Amended Complaint and do not demonstrate why the Court should reconsider its Final Judgment in this action.

## IV. CONCLUSION

For the reasons explained above, Maxey's Motion for Reconsideration (Dkt. 15) is **DENIED**.

**SO ORDERED**.

Date: 7/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Vance Gerald Maxey
5115 Shadow Pointe Dr.
Indianapolis, Indiana 46254

Kurt V. Laker
DOYLE & FOUTTY. P.C.
klaker@doylefoutty.com